**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROD BLAGOJEVICH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21 cv 04103 |
| | ) | |
| v. | ) | |
| | ) | Hon. Steven C. Seeger |
| STATE OF ILLINOIS, ILLINOIS | ) | |
| GENERAL ASSEMBLY, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

A.   Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

**Plaintiff (*pro se*):**
**Rod R. Blagojevich**
**2934 W. Sunnyside**
**Chicago, IL 60625**

**Defendants:**
**Office of the Illinois Attorney General**
**Hal Dworkin (Lead & Trial)**
**Mary A. Johnston (Trial)**
**100 W. Randolph, 13th Floor**
**Chicago, IL 60625**

B.   State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

   If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP.  Please note two things.  *First*, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business.  *Second*, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.  *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990).  If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

   **Jurisdiction is based on federal question pursuant to 42 U.S.C. § 1983.**

C. Provide a short overview of the case in plain English (five sentences or less).

   **Plaintiff, the former Governor of Illinois, was impeached by the General Assembly, in 2009. As part of the impeachment, Plaintiff was disqualified from holding public office in Illinois in the future. Plaintiff alleges that the Illinois General Assembly's bar on him ever holding office in Illinois after his impeachment violates his rights under the Fourteenth Amendments and the rights of Illinois voters' under the First Amendment. Plaintiff also alleges that the General Assembly's impeachment proceeding violated his Sixth Amendment rights.**

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

   **Plaintiff claims that Defendants actions related to his 2009 impeachment and ban on holding public office violate the First, Sixth, and Fourteenth Amendments. Defendants assert that Plaintiffs claims fail as they are barred by the Eleventh Amendment, impeachment is a non-justiciable political question, Plaintiffs claims are time barred, Plaintiff lacks standing to bring his claims, and Plaintiff has failed to state a claim.**

E. What are the principal factual issues?

   **None.**

F. What are the principal legal issues?

   **Whether this Court has subject matter jurisdiction over this claim under Federal Rule of Civil Procedure 12(b)(1), whether Plaintiff's claim involves a nonjusticiable political question, whether Plaintiff has standing, whether Plaintiff's claim is barred by the statute of limitations, and whether Plaintiff has stated a claim pursuant to 12(b)(6).**

G. What relief is the plaintiff(s) seeking?  Quantify the damages, if any.
(A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case.  This estimate will not be admissible.).

> **Plaintiff seeks an injunctive order enjoining the Defendants from enforcing the State Senate's disqualifying provision. Plaintiff also seeks declaratory relief stating that the disqualifying provision violates the First, Sixth, and Fourteenth Amendments.**

H. Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

> **All defendants have waived service.**

## II. Discovery

A. Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. *Fill in the blanks, below*.

Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.

> **The Parties request that all discovery be stayed pending a ruling on Defendants' Motion to Dismiss, filed on October 1, 2021 (ECF Nos. 10-11). Plaintiff's Response is currently due on October 29, 2021. (ECF No. 12). Plaintiff has contacted counsel for Defendants requesting a 30-day extension; Defendants do not object to this request.**

| Event | Deadline |
| --- | --- |
| Amendment to the pleadings | N/A |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | N/A |
| Disclosure of Plaintiff's Expert Report(s) | N/A |
| Deposition of Plaintiff's Expert | N/A |
| Disclosure of Defendant's Expert Report(s) | N/A |

| Deposition of Defendant's Expert | N/A |
|---|---|
| Dispositive Motions | N/A |

    B.    How many depositions do the parties expect to take?

        **The Parties do not anticipate any depositions at this time, but request leave to amend their position and the discovery schedule pending this Court's ruling on Defendants' Motion to Dismiss.**

    C.    Do the parties foresee any special issues during discovery?

        **Not at this time.**

    D.    Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

        If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

        **The Parties have not discussed a discovery plan at this time. The Parties request leave to submit a proposed discovery plan, if necessary, after this Court rules on the pending Motion to Dismiss.**

## III.    Trial

    A.    Have any of the parties demanded a jury trial?

        **Plaintiff has demanded a jury trial.**

    B.    Estimate the length of trial.

        **The Parties have not discussed the anticipated length of any trial at this time and request leave to amend their position after this Court rules on Defendants' pending Motion to Dismiss.**

## IV.    Settlement, Referrals, and Consent

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

**No settlement discussions have taken place at this time.**

B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

**Not at this time.**

C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

**The Parties do not unanimously consent to proceeding before a Magistrate Judge.**

V. <u>Other</u>

A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

**Not at this time.**

B. Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

**Not at this time.**

Respectfully submitted,

/s/ Rod Blagojevich
ROD R. BLAGOJEVICH
*Pro se*
2934 W. Sunnyside
Chicago, IL 60625
(773) 415-2367
blagojevichr@gmail.com

/s/ Hal Dworkin
HAL B. DWORKIN
MARY JOHNSTON
Assistant Attorneys General
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-5159
Hal.Dworkin@ilag.gov
Mary.Johnston@ilag.gov